H. Christian Bode (AZ. Bar #: 007346)
**THE LAW OFFICE OF CHRIS BODE, P.L.C.**
7373 E. Doubletree Ranch Rd., Suite B-120
Scottsdale, Arizona 85258
Telephone: (480)355-5020
hchris@bcazlaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

LOGAN STEVENS, an Arizona resident,

Plaintiff,

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON; a foreign corporation;

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation,

Defendant.

Plaintiff, for his complaint against Defendants, alleges as follows:

## I. The Parties, Jurisdiction, and Venue

1) Plaintiff Logan Stevens is a resident of Maricopa County, Arizona.
2) Logan Stevens is the son of Ronald Stevens, who died on or about May 31, 2021.
3) Ronald Stevens' death was accidental.
4) At the time of his death, Ronald Stevens was a covered plan participant in a benefit plan sponsored by Optiv Security Inc.
5) Prior to May, 2021, Defendant Lincoln Life Insurance Company of Boston ("Lincoln Life") issued a group life insurance policy to Optiv Security Inc. providing to plan participant beneficiaries benefits should an eligible plan participant die during the pendency of the Defendant's policy.

6) The Defendant's policy and its benefits are administered by Defendant Lincoln National Life Insurance Company ("Lincoln National").

7) The Lincoln Life policy and its administration by Lincoln National are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.

8) Lincoln Life and Lincoln National act as fiduciaries of the plan pursuant to 29 U.S.C. § 1101 et seq.

9) Prior to his death, Ronald Stevens had designated Plaintiff Logan Stevens as his sole beneficiary for accidental life insurance benefits due under the plan in the event of his accidental death.

10) Defendants, and each of them, has caused a breach of the Lincoln Life policy by failing to pay the death benefits due to Logan Stevens arising from the accidental death of his father, Ronald.

11) Plaintiff brings this action, in part, under 29 U.S.C. § 1132(a)(1) and seeks to enforce his right under the terms of the policy and the plan and/or to clarify his rights to benefits under the terms of the policy and plan.

12) This court has subject matter jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

13) Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) because a breach of the plan has occurred in Arizona and because one or more of the defendants may be found in Arizona.

## II. Factual Allegations

14) Logan Stevens, as Ronald Stevens's sole designated beneficiary, was entitled to receive $149,000.00 in accidental death benefits under the Lincoln Life policy if Ronald Stevens's death on or about May 31, 2021, was an accidental death as that term is defined in the policy.

15) On May 31, 2021, a neighbor found Ronald Stevens alone on his couch and unresponsive in his apartment.

16) Tempe Fire Department personnel were called to the scene and pronounced Ronald Stevens dead.

17) An examination was performed by the Maricopa Medical Examiner's Office and the examiner determined that Ronald Stevens had suffered a skull fracture with a resultant subdural hematoma that caused his death.

18) The manner of death was determined to be accidental.

19) The medical examiner did not conclude that Ronald Stevens had alcohol in his system at the time of his death.

20) In accordance with the Lincoln Life policy, Plaintiff Logan Stevens made a claim for accidental death proceeds of $149,000.00 due under the policy.

21) On August 24, 2021, Lincoln Life denied Logan Stevens's claim for accidental death benefits based on its conclusion that "the presence of alcohol contributed to the cause of the accident. Because of this we must deny your claim for accidental death benefits."

22) On October 6, 2021, and pursuant to the appeals provisions of the Lincoln Life policy, Plaintiff Logan Stevens appealed the denial of benefits to Lincoln Life.

23) The basis of the appeal was that there was no proof from any document or other source that Ronald Stevens had alcohol in his system at the time of his accident much less that the amount of alcohol in his system rose to a level that would allow Lincoln Life to exclude benefits under its policy's exclusion #11 ("the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident.").

24) The internal appeal was administered by Defendant Lincoln National.

25) The internal appeal determined that Logan Stevens' appeal was well-taken in that

Lincoln National agreed that there was no basis to conclude that alcohol consumption on the day of Ronald Stevens' accident caused or contributed to his accident.

26) Still, on behalf of Lincoln Life, Lincoln National continued—and continues—to refuse to authorize payment of the accidental death benefit owed under the policy.

27) Lincoln Life, through Lincoln National, has changed its position to now assert that Ronald Stevens's death was contributed to or caused by disease or bodily illness under exclusion #6 of the policy ("No benefits are payable for any loss that is contributed to or caused by: 6. disease, bodily or mental illness….")

28) Under the terms of the Lincoln Life policy, it had 60 days to advise Logan Stevens of Lincoln's decision on the appeal.

29) Lincoln Life and Lincoln National did not inform Logan Stevens of its decision until January 4, 2022—more than sixty days after the appeal was submitted—when Logan Stevens's counsel inquired by telephone as to payment of the accidental death benefit.

## III. Legal Claims

30) Defendant Lincoln Life has breached its contract of insurance and breached its fiduciary duty to Logan Stevens by failing to pay him the $149,000.00 in accidental death benefits due under the policy.

31) Defendant Lincoln National has breached its fiduciary duty to Logan Stevens by failing to appropriately administer his appeal of the denial of his claim including:

a. failing to make any determination or provide any factual basis as to how any of Ronald Stevens' underlying medical conditions allegedly caused or contributed to the accident that caused his death or the skull fracture and subdural hematoma that was the immediate cause of Ronald Stevens's death;

b. failing to properly determine whether any such causal relationship between Ronald Stevens's pre-existent "disease" or "bodily illness" was a "substantial"

or predominate cause of Ronald Stevens's death as required by ERISA case law;

c. failing to follow the Lincoln Life appeals process as set forth in the Lincoln Life policy;

d. failing to provide its appeals administration staff with any training, manuals, or other guidelines as to how to properly process a claim for accidental death benefits and how to properly interpret and construe exclusion #6 of the policy issued to Optiv Inc.;

e. upholding the basis of Plaintiff's appeal but still denying Logan Stevens the benefits he is entitled to on a basis that he was never informed of until more than six months after Defendant's' started processing his claim;

f. engaging in an arbitrary and capricious process and reaching an arbitrary and capricious conclusion.

32) Defendants are estopped to deny the validity of Plaintiff's appeal and should be estopped from invoking new exclusions not relied on when they initially processed Plaintiff's claim.

33) Plaintiff Stevens should be awarded his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

(1) That Plaintiff Logan Stevens be awarded $149,000.00 against Defendant Lincoln Life Assurance Company of Boston, with interest thereon from May 31, 2021, until paid;

(2) That Plaintiff Logan Stevens be awarded his reasonable attorneys' fees and costs incurred from August 24, 2021, through the end of this litigation;

(3) For such other relief as the court deems just.

RESPECTFULLY SUBMITTED this 2nd day of February, 2022.

THE LAW OFFICE OF CHRIS BODE, P.L.C.

By /s/ Chris Bode

H. Christian Bode
THE LAW OFFICE OF CHRIS BODE, P.L.C.
7373 E. Doubletree Ranch Rd., Suite B-120
Scottsdale, AZ 85258
Attorneys for Plaintiff